**MILLE LACS BAND OF CHIPPEWA INDIANS, Arthur Gahbow, Walter Sutton, Carleen Benjamin, and Joseph Dunkley, Plaintiffs,**

**v.**

**and**

**John W. Thompson, Jenny Thompson, Joseph N. Karpen, LeRoy Burling, Glenn E. Thompson, and Gary M. Kiedrowski, and the Counties of Aitkin, Benton, Chisago, Crow Wing, Isanti, Kanabec, Mille Lacs, Morrison, and Pine, Defendant–Intervenors.**

Civ. No. 4–90–605.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 15, 1993.

---

2. Docket no. 23.

3. Docket no. 14.

Anita P. Fineday, James Franklin Pence, James M. Genia, Mille Lacs Band of Ojibwe, Onamia, MN and Marc D. Slonim, and John B. Arum, Ziontz Chestnut Varnell Berley & Slonim, Seattle, WA, for Mille Lacs Band of Chippewa Indians, Arthur Gahbow, Walter Sutton, Carleen Benjamin, and Joseph Dunkley, plaintiffs.

James M. Johnson, Johnson Law Office, Olympia, WA, and Jeffry Robert Chaffee, and Jennifer Ann Fahey, Joint Powers Bd., Mora, MN, for County of Aitkin, County of Benton, County of Chisago, County of Crow Wing, County of Isanti, County of Kanabec, County of Mille Lacs, County of Morrison, and County of Pine, applicants-intervenors.

William Arthur Szotkowski, Stephen Bruce Masten, Jerilyn K. Aune, Spec. Asst. Atty. Gen., and Michelle E. Beeman, Minnesota Atty. Gen., St. Paul, MN, for State of Minn., Minnesota Department of Natural Resources, and Joseph Alexander, Com'r of Natural Resources, defendants.

Lawrence A.G. Moloney, Doherty Rumble & Butler; Gregg J. Tucek; and Gary E. Persian, and Stephen G. Froehle, Persian MacGregor & Thompson, Minneapolis, MN, for Save Lake Mille Lacs Ass'n, John W. Thompson, Jenny Thompson, Joseph N. Karpen, Leroy Burling, and Glenn E. Thompson, intervenors-defendants.

Gary M. Kiedrowski, intervenor-defendant pro se.

George Cardinal, Me–Da–We Grand Medicine Society, intervenor pro se.

Zenas Baer, Wefald & Baer, Hawley, MN, for Dale Hanks and Chief Hole in the Day VII, individually, and on behalf of Mississippi Band of Chippewa Indians, intervenors.

Robert Michael Small, U.S. Atty. Office, Minneapolis, MN, William · A. White, and Sheila A. Hackett, U.S. Dept. of Justice, Indian Resources Section, Washington, DC, for the U.S., intervenor-plaintiff.

## ORDER

DIANA E. MURPHY, Chief Judge.

Defendant–Intervenors Leroy Burling, Joseph N. Karpen, Glenn E. Thompson, John W. Thompson, Jenny Thompson, and Gary M. Kiedrowski (the Landowners) appeal the August 2, 1993 order of United States Magistrate Judge Jonathan Lebedoff denying their motion to amend their answer to include a counterclaim against plaintiffs. Stephen G. Froehle and the law firm of Persian, MacGregor and Thompson, who are counsel for defendant-intervenor Gary M. Kiedrowski also appeal the August 2, 1993 order of Magistrate Judge Lebedoff denying their motion to withdraw from representation of Kiedrowski. None of the other parties have submitted any written position papers on these appeals.

### I.

The landowners moved to amend their answer to assert a counterclaim for a declaratory judgment that the temporary privileges given to the Band under the 1837 treaty no longer apply to any private lands in the ceded area. The magistrate judge noted that the motion to amend could be construed as an attempt to obtain a jury trial, but did not consider the relationship between the jury demand and the motion to amend because the jury demand had already been stricken. The magistrate judge also stated that the order to strike the jury demand of landowners implicitly concluded that the landowners had not asserted any legal claims against the plaintiffs. The magistrate judge concluded that the landowners' motion to amend their complaint should be denied in the interests of consistency, integrity, and fairness to the parties.

The landowners argue that the magistrate judge's order should be reversed. They contend that their proposed counterclaim is compulsory.[1] They assert that the Court of Appeals found that they have property interests

---

1. In the papers submitted to the magistrate judge, the landowners did not present any arguments to support their conclusory statement that the proposed counterclaim was compulsory.

which could be affected by this action. The landowners also argue that they could assert their claim in a new federal case and then move to have it consolidated with this one.

The landowners filed their proposed answer with their motion to intervene on March 30, 1992, but they did not seek to assert a declaratory judgment claim against plaintiffs until June 14, 1993. At that time the parties were addressing the landowners' jury demands. The State questioned the recently filed motion to amend and indicated that it opposed the motion if the landowners were using it to bolster their demand for a jury trial.

■ The order of the magistrate judge should be affirmed unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). A careful review of the record and materials submitted by the parties indicates that the magistrate judge's denial of the landowners' motion to amend their answer was neither clearly erroneous nor contrary to law and it should be affirmed.

A party may amend its pleading after a responsive pleading has been filed only by leave of court or by written consent of the adverse party and leave to amend "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). Under all the circumstances here justice does not require that the landowners be allowed to amend their answer.

The landowners note that the Court of Appeals found that they had a property interest which could be affected by this litigation and suggest that the appellate opinion requires that they be allowed to assert their proposed counterclaim. The landowners have been permitted to intervene consistent with the opinion of the Court of Appeals and they have not made any showing that their proposed counterclaim is necessary to their intervention. If the proposed counterclaim had been essential to the landowners, they would have included it in the proposed answer filed with their motion to intervene. It was only asserted some fifteen months after their proposed answer, however. The issues related to the proposed amendment have never been before the Court of Appeals.

■ More importantly, the proposed declaratory judgment claim does not appear to be a proper counterclaim. The plaintiffs seek a declaratory judgment that they retain rights under the 1837 treaty and that defines the limits of permissible state regulation of those rights. The landowners' proposed claim for declaratory relief seeks an adjudication that the plaintiffs' alleged treaty rights and privileges to hunt, fish, and gather in the ceded territory are no longer in force and effect. The landowners' proposed counterclaim and the plaintiffs' claim raise identical factual and legal issues. The landowners' proposed counterclaim is redundant and will be moot upon disposition of the plaintiffs' claims. A redundant declaratory judgment claim is not a proper declaratory judgment claim and should be dismissed. *Aldens, Inc. v. Packel*, 524 F.2d 38, 51–52 (3d Cir.1975), *cert. denied*, 425 U.S. 943, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976); *Resolution Trust Corp. v. Ryan*, 801 F.Supp. 1545, 1556 (S.D.Miss. 1992). The landowners should not be allowed to amend their answer to assert a claim that is not a proper declaratory judgment claim.

The result reached by the magistrate in denying the motion to amend was correct for a number of reasons. The so-called compulsory counterclaim is not a proper counterclaim and is not required to be asserted. Moreover, the landowners did not attempt to amend their answer until fifteen months after they filed their proposed answer. There is also reason to believe the motion may be another attempt to convert what is properly an equitable action into a legal one.

## II.

■ The magistrate judge also denied the motion by Froehle and Persian, MacGregor and Thompson to withdraw from representation of Kiedrowski in the interests of judicial efficiency and case management. "Withdrawal without substitution may be granted only by a motion made before the court, for good cause shown." Local Rule 83.7(c). Counsel should have been aware of the local rule prior to undertaking their representation and should have reached a suitable understanding with Kiedrowski about how potential problems would be resolved before filing their appearance in federal court. Counsel for Kiedrowski have not shown good cause justifying their withdrawal. If counsel

were allowed to withdraw, Kiedrowski would have no counsel. This complex case is inappropriate for *pro se* representation, and after careful consideration of the record and the materials submitted by the parties, the court concludes that the magistrate judge's order denying the motion to withdraw was neither clearly erroneous nor contrary to law. It should therefore be affirmed. 28 U.S.C. § 636(b)(1)(A).

## ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the August 2, 1993 order of United States Magistrate Judge Jonathan Lebedoff is affirmed.